FILED
2020 Jul-01 PM 02:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| JUDITH THOMPSON, Trustee, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | 5:20-mc-00776-LSC |
| GREGORY CARDWELL, | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM OF OPINION AND ORDER**

Before the Court is the joint motion brought by Plaintiff Judith Thompson, ("Plaintiff" or "Thompson") and Defendant Gregory Cardwell ("Defendant" or "Cardwell") to withdraw the automatic reference to bankruptcy court and to proceed in the district court. (Doc. 1.) For the reasons discussed below, the motion is due to be granted.

**I.   BACKGROUND**

On March 16, 2020, Judith Thompson, the Trustee of the Bankruptcy Estate of debtor GBC, Inc., ("GBC" or "Debtor"), commenced an adversary proceeding against Cardwell. Thompson asserted a claim under the Alabama Fraudulent Transfer Act and demanded a jury trial. Cardwell filed his answer on or about April 16, 2020.

On May 27, 2020, the Bankruptcy Court held a status conference and indicated that withdrawing the reference from all related adversary proceedings would be in the best interest of the court, the various related cases, and the parties. That conference led to the joint motion being filed on June 3, 2020.

## II.  STANDARD

District courts possess "original and exclusive jurisdiction of all cases under title 11." 28 U.S.C. § 1334(a). However, district courts can provide that cases that arise under title 11, arise in title 11, or relate to a case under title 11 may be referred to the bankruptcy court of that district. 28 U.S.C. § 157(a). This Court has entered a general order of reference automatically referring all such cases to the bankruptcy judges for this district. *See United States v. ILCO, Inc.*, 48 B.R. 1016, 1020 (N.D. Ala. 1985).

Section 157(d) allows for the withdrawal of the general order of reference under certain circumstances. Withdrawal may be either mandatory or permissive. *See* 28 U.S.C. § 157(d). The parties have not argued that mandatory withdrawal is applicable. Therefore, the Court shall only address whether permissive withdrawal is appropriate.

District courts may withdraw "in whole or in part any case or proceeding referred under this section, on its own motion or on timely motion of any party, for

cause shown." 28 U.S.C. § 157(d). "The decision whether to withdraw the reference is committed to the district court's discretion." *Abrahams v. Phil–Con Serv., LLC*, No. 10–0326–WS–N, 2010 WL 4875581, at *3 (S.D. Ala. Nov. 23, 2010). In deciding whether there is cause for withdrawal of a reference, this Court must "consider such goals as advancing uniformity in bankruptcy administration, decreasing forum shopping and confusion, promoting the economical use of the parties' resources, and facilitating the bankruptcy process." *In re Simmons*, 200 F.3d 738, 742 (11th Cir. 2000) (quoting *In re Parklane/Atl. Joint Venture*, 927 F.2d 532, 536 n.5 (11th Cir. 1991)). "Additional factors include: (1) whether the claim is core or non-core; (2) efficient use of judicial resources; (3) a jury demand; and (4) prevention of delay." *In re Childs*, 342 B.R. 823, 827 (M.D. Ala. 2006).

### III.   DISCUSSION

After considering the relevant factors, this Court, in its discretion, grants the parties' motion and withdraws this case from the general order of reference. First, Plaintiff has made a jury demand and also seeks compensatory damages, which are generally decided by a jury. *See Burns v. Lawther*, 53 F.3d 1237, 1240 (11th Cir. 1995) (observing that the Seventh Amendment's "right to a jury trial [is] fundamental, [and] courts must indulge every reasonable presumption against waiver"); *see also Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 352 (1998) (recognizing the

general rule that monetary relief is legal in nature, and that such claims give rise to a right to trial by jury). Because the parties have a fundamental right to a jury trial on these issues, this counsels in favor of allowing the withdrawal to preserve that right. *See In re Small*, No. 11-00169, 2011 WL 7645816, at *2 (Bankr. S.D. Ala. Nov. 22, 2011) (recommending withdrawal of the reference because plaintiff made jury demand and sought compensatory and punitive damages); *see also McGregor v. Asset Acceptance, LLC*, No. 1:15–mc–00143–RDP, 2015 WL 3751986, at *3 (N.D. Ala. June 16, 2015) (explaining that plaintiff's jury demand weighs in favor of granting withdrawal of the reference).

Additionally, Plaintiff asserts a claim under the Alabama Fraudulent Transfer Act, which could require the Bankruptcy Court to interpret a non-Code statute in deciding the claim. *Cf. McGregor*, 2015 WL 3751986, at *3 (likelihood that court would have to interpret non-Code statute is a factor in favor of granting withdrawal). Since a non-Code statute will likely have to be interpreted, withdrawing the adversary proceeding is in the economic interest of both the parties and the judicial system.

Finally, this withdrawal was recommended by the Bankruptcy Court. This recommendation demonstrates that there is no concern about upsetting the uniformity of bankruptcy laws. Additionally, the adversary proceeding has not gone

far in the Bankruptcy Court, and withdrawal does not appear to be an attempt to delay the proceedings. There is also no allegation or evidence that the parties are forum shopping; instead, it appears that both parties are seeking the most efficient means to resolve their dispute. While none of these factors alone is dispositive, combined the parties have demonstrated that it is appropriate for the Court to exercise its discretion and withdraw the case. *See id.* (granting withdrawal of reference based on a combination of factors). Accordingly, the parties' motion is due to be granted.

## IV.    CONCLUSION

For the reasons stated above, the parties' motion to withdraw the general order of reference (doc. 1) is GRANTED. This adversary proceeding (No. 20-80035-CRJ) is WITHDRAWN from the Bankruptcy Court for the Northern District of Alabama, Northeastern Division. The Clerk of the Court is DIRECTED to assign this case as a civil action and randomly assign the case to a judge who draws cases from that division.

**DONE** and **ORDERED** on July 1, 2020.

     _____
     L. Scott Coogler
     United States District Judge

199335